IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LABORERS' DISTRICT COUNCIL PENSION AND DISABILITY TRUST FUND NO. 2, *et al.* )<br><br>Plaintiffs/Judgment Creditors,     )<br><br>v.                                                    )<br><br>STS GENERAL CONTRACTING, LLC   )<br><br>Defendant/Judgment Debtor.       ) | Civil Action No. RDB-14-3005 |

## REPORT & RECOMMENDATION

On October 7, 2015 the court referred this case to the undersigned for resolution of post judgment discovery conflicts. ECF No. 33. Since that referral the undersigned has issued three substantive orders (ECF Nos. 34, 36, 48) addressing four motions. On March 2, 2016 the undersigned presided at a one hour motions hearing regarding Gary Cooper's motion to quash subpoena, Christopher Kwegan's motion to quash subpoena, and the Plaintiffs/Judgment Creditors' fourth motion for order to show cause. The undersigned was extremely attentive to ensuring Mr. Cooper and Mr. Kwegan understood the categories of documents sought by the Plaintiffs/Judgment Creditors. The undersigned denied Mr. Cooper's and Mr. Kwegan's motions to quash subpoenas and held in abeyance the Plaintiffs/Judgment Creditors' fourth motion for order to show cause. The undersigned scheduled a records deposition in chambers on April 5, 2016, giving Mr. Cooper and Mr. Kwegan more than sufficient opportunity to identify and compile documents responsive to the issued subpoenas. Mr. Cooper and Mr. Kwegan appeared for the records deposition which started and concluded in less than one hour. After Mr. Cooper and Mr. Kwegan departed, counsel for the Plaintiffs/Judgment Creditors advised the undersigned

1

the deponents arrived with very few documents.[1] Three days later, the Plaintiffs/Judgment Creditors filed their fifth motion for order to show cause and renewal of third and fourth motions for order to show cause. ECF No. 50.

Having reviewed the filings (ECF Nos. 42, 50), no hearing is deemed necessary. *See* Loc. R. 105.6. For the reasons stated herein, the undersigned recommends that, following the time to object to this Report and Recommendation, the Plaintiffs/Judgment Creditors' fourth motion for order to show cause (ECF No. 42) be GRANTED, and the Plaintiffs/Judgment Creditors' fifth motion for order to show cause and renewal of third and fourth motions for order to show cause (ECF No. 50) be GRANTED IN PART & FOUND MOOT IN PART.

## BACKGROUND

On March 24, 2015 the court entered a default judgment in favor of Plaintiffs and against Defendant STS General Contracting, Inc. ECF No. 10. Pursuant to Federal Rule of Civil Procedure 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Maryland Rule 2-633(a) provides that "[a] judgment creditor may obtain discovery to aid enforcement of a money judgment . . . by use of depositions, interrogatories, and requests for documents . . . ."

Since the judgment obtained was against a corporation, the Plaintiffs/Judgment Creditors logically sought discovery from Mr. Cooper, the Defendant/Judgment Debtor's owner and chief executive officer, and from Mr. Kwegan, the Defendant/Judgment Debtor's president. The Plaintiffs/Judgment Creditors issued a subpoena to Mr. Cooper on July 28, 2015 seeking nine categories of documents. *See* ECF No. 32-1. A similar subpoena was served on Mr. Kwegan.

---

[1] A total of 41 pages of documents (Mr. Cooper) and a total of 13 pages of documents (Mr. Kwegan). ECF No. 50 at 5-6 ("The Records Deposition").

The subpoenas directed Mr. Cooper and Mr. Kwegan to provide requested documents by August 17, 2015. On August 11, 2015 Defendant/Judgment Creditor moved to quash the subpoenas served on Mr. Cooper and Mr. Kwegan. ECF No. 30. This motion was filed by Mr. Cooper even though Defendant/Judgment Debtor was not the recipient of the subpoena, and further, was represented by counsel.[2] After this motion was fully briefed, the undersigned denied the motion to quash subpoena, found the Plaintiffs/Judgment Creditors' nine requests specific and targeted, and directed Mr. Cooper to respond to the subpoena by November 4, 2015. ECF No. 34.

Mr. Cooper failed to comply with the undersigned's October 21, 2015 Order. On November 6, 2015 the Plaintiffs/Judgment Creditors moved, for a third time, for an order to show cause. The motion concerned Mr. Cooper. The Plaintiffs/Judgment Creditors simultaneously moved to compel production as to Mr. Kwegan. ECF No. 35. Neither Mr. Cooper nor Mr. Kwegan filed a response in opposition by the November 23, 2015 deadline. On November 30, 2015 the undersigned granted the motion for order to show cause as to Mr. Cooper and granted the motion to compel production as to Mr. Kwegan. ECF No. 36. Specifically the undersigned directed Mr. Cooper, by December 15, 2015, to show cause "as to why he should not be held in contempt of Court for failing to comply with this court's Order dated October 21, 2015[.]" *Id.* at 1 ¶ 3. Regarding Mr. Kwegan, the undersigned found he failed to lodge any objections to the subpoena in a timely manner, that the nine requests are specific and targeted, and directed Mr. Kwegan to respond by December 22, 2015. *Id.* at 2 ¶¶ 6-8.

Before the respective deadlines for Mr. Cooper and Mr. Kwegan elapsed, each non-party moved to quash the subpoenas. *See* ECF No. 37 (Mr. Kwegan); ECF No. 38 (Mr. Cooper). The Plaintiffs/Judgment Creditors quickly filed a combined opposition. ECF No. 39. On December 16, 2015 Mr. Kwegan moved for a hearing, ECF No. 40, which the undersigned granted five

---

[2] The court granted the motion to strike the appearance of Anna Aita, Esquire on January 7, 2016. ECF No. 43.

days later, ECF No. 41. A few weeks later the Plaintiffs/Judgment Creditors moved, for a fourth time, for an order to show cause concerning Mr. Kwegan. ECF No. 42.

The motions hearing, originally scheduled January 26, 2016, was initially rescheduled due to inclement weather, ECF No. 45 and upon rescheduling for February 23, 2016, was cancelled due to the undersigned's unavailability to attend the funeral of a Court employee who died unexpectedly, ECF No. 46. The motions hearing was ultimately held March 2, 2016.

## STANDARD FOR CONTEMPT

The purposes of civil contempt are to coerce obedience to a court order and to compensate a party for losses sustained as a result of the contumacy. *In re General Motors Corp.,* 61 F.3d 256, 258 (4th Cir. 1995). To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's "favor"; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) ... that [the] movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 301 (4th Cir. 2000) (quoting *Colonial Williamsburg Found v. The Kittinger Co.,* 792 F. Supp. 1397, 1405–06 (E.D. Va. 1992), *aff'd,* 38 F.3d 133, 136 (4th Cir. 1994).

If contempt is found, the remedy is within the trial court's broad discretion:

> Remedies include ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees. *United States v. Trudell,* 563 F.2d 889, 891 (8th Cir. 1977). However, the remedies and sanctions must be remedial and compensatory and, unlike criminal contempt, nonpunitive. *[United States v.] United Mine Workers [of America],* 330 U.S. [258,] 302–04, 67 S.Ct. [677,] 700-701, [91 L.Ed. 884 (1947)].

*In re General Motors,* 61 F.3d, 256, 259. Before awarding attorney's fees, however, a finding of "willful disobedience" may be required. *Omega World Travel, Inc. v. Omega Travel, Inc.,* 710 F. Supp. 169, 172–73 (E.D. Va.1989), *aff'd,* 905 F.2d 1530 (4th Cir. 1990).

## ANALYSIS

It is beyond question that at the March 2, 2016 motions hearing the undersigned explicitly ordered Mr. Cooper and Mr. Kwegan to search and locate documents responsive to the Plaintiffs/Judgment Creditors' requests. The undersigned further ordered Mr. Cooper and Mr. Kwegan to bring those responsive documents to the records deposition scheduled for April 5, 2016 in chambers. The undersigned provided Mr. Cooper and Mr. Kwegan more than thirty (30) days to locate the responsive documents. The undersigned advised Mr. Cooper and Mr. Kwegan, if they failed to comply, they would be subject to contempt proceedings.

By the Order of November 30, 2015 the undersigned had directed Mr. Cooper to show cause, by December 15, 2015, "as to why he should not be held in contempt of Court for failing to comply with this court's Order dated October 21, 2015[.]" ECF No. 36 at 1 ¶ 3. In light of Mr. Cooper and Mr. Kwegan subsequently filing motions to quash and Mr. Kwegan filing a motion for hearing, the undersigned believed it would be most effective to have them attend a hearing and for the undersigned to explain what they were required to do. Thus the undersigned allowed the December 15, 2015 deadline to elapse without any consequence. But for this sequence of events, the undersigned would have prepared a report and recommendation regarding Mr. Cooper's non-compliance.

## RECOMMENDATIONS

1.     That Mr. Cooper and Mr. Kwegan be held in contempt of the court's oral directive at the March 2, 2016 motions hearing that Mr. Cooper and Mr. Kwegan shall arrive at

the April 5, 2016 records depositions with documents responsive to Plaintiffs/Judgment Creditors' subpoenas.

    2.    That the court grant the Plaintiffs/Judgment Creditors' fourth motion for order to show cause (ECF No. 42), which the undersigned held in abeyance by the Order of March 2, 2016 (ECF No. 48). This fourth motion concerns Mr. Kwegan.

    3.    That the court grant the Plaintiffs/Judgment Creditors' fifth motion for order to show cause (ECF No. 50), grant the request to renew the third motion for order to show cause (re: Mr. Cooper) and find as moot the request to renew the fourth motion for order to show cause (re: Mr. Kwegan).

June 13, 2016                                                           _____/s/_____
                                                                                 WILLIAM CONNELLY
                                                         UNITED STATES MAGISTRATE JUDGE